IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thomas Raymond Firriolo, | ) | Case No. 3:17-cv-03319-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Law Enforcement | ) | |
| Division, Lieutenant Elizabeth Corley, | ) | |
| Mark A. Keel, Paul Grant, City of | ) | |
| Greenville, Mr. Brad Rice, Mr. Jeff | ) | |
| Bowen, Mr. Gary Fenell, Ms. Jodie | ) | |
| Dudash, Mr. Bobbie Skinner, Ms. | ) | |
| Cyntha Vilardo, Ms. Tommy, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the Report and Recommendation ("the Report")
of the Magistrate Judge regarding Plaintiff's[1] action brought pursuant to 42 U.S.C. § 1983.
ECF No. 102.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)
(D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges[2]
for pre-trial proceedings and a Report.  On February 13, 2020, the Magistrate Judge
issued a Report recommending that this action be dismissed with prejudice.  *Id*.  The
Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections
to the Report and the serious consequences if he failed to do so.  Plaintiff has filed several

_____

[1] Plaintiff is a non-prisoner proceeding pro se.

[2] United States Magistrate Judge Paige J. Gossett was initially assigned to this
case.

documents since the issuance of the Report, which will be discussed below; however, Plaintiff has not filed objections to the Report and the time to do so has lapsed.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

As previously stated, the Report was issued on February 13, 2020. On February 18, 2020, this action was reassigned from the Honorable Sherri A. Lydon, United States District Judge for the District of South Carolina, to the undersigned. ECF No. 105. On February 19, 2020, the undersigned entered an order giving Plaintiff until March 4, 2020, to file objections to the Report "[i]n light of the transfer of case management and out of an abundance of caution for a pro se Plaintiff." ECF No. 107. Thereafter, Plaintiff filed

several documents and motions.  ECF Nos. 109, 110, 111, 112, 113.  On March 12, 2020, the undersigned issued an order noting that "to date, [Plaintiff] has filed five other documents that cannot be construed as objections.  Liberally construed, he may be requesting additional time to object to the Report and Recommendation.  Out of an abundance of cation for a pro se Plaintiff, the Court directs that he file objections to the Report and Recommendation by March 26, 2020."  ECF No. 114.

Plaintiff filed a motion for copies on March 19, 2020.  ECF No. 116.  The same day, the Court issued an order noting the filing of the motion for copies and stating that "to the extent Plaintiff is requesting additional time to file objections to the Report and Recommendation because the public library is currently closed until further notice, the deadline for filing objections is extended 30 days."  ECF No. 117.  Thereafter, Plaintiff filed a motion to replace case manager and two letters.  ECF Nos. 119, 120, 121.  On June 23, 2020, the undersigned issued the following order:

> TEXT ORDER directing Plaintiff to file objections to the Report and Recommendation by July 23, 2020.  In its prior order, the Court allowed a lengthy extension of time because the Greenville County library system was closed due to Covid-19. The Court takes judicial notice that the library is now allowing patrons to reserve materials by telephone or online and then utilize curbside pickup when the materials are available. Because of these restrictions, the Court is allowing Plaintiff an additional 30 days from today's date to file objections. However, in light of the numerous lengthy extensions Plaintiff has already received, no further extensions of time will be granted absent a showing of extraordinary circumstances.

ECF No. 122.  Since the entry of this order, Plaintiff has filed two letters dated June 29, 2020, and July 1, 2020, and a notice of intent to appeal dated July 6, 2020.  ECF Nos. 124, 125, 128.  Nothing has been received from Plaintiff in over two months.

Upon thorough review of all of Plaintiff's filings since the entry of the Report, the Court does not believe that any of the documents could be construed as specific objections to the Report.  In the first letter after entry of the Report, Plaintiff generally states that his case should not be dismissed and that he is "entitled to a civil rights trial by jury in his court of law."  ECF No. 109 at 4.  However, he also appears to request additional time to allow an attorney to look at the case and because another case of his was being investigated, which the Court allowed.  *See* ECF No. 109.  Accordingly, the Court has not construed this document as putting forth specific objections.  As previously stated, the Court has conducted a thorough review of the remainder of Plaintiff's filings.[3]

Nevertheless, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the applicable law, and the Report of the Magistrate Judge.  Upon such review, the Court agrees with the recommendation of the Magistrate Judge that this case is subject to dismissal with prejudice.

---

[3] The Court notes that Plaintiff's letter dated June 29, 2020, appears to refer to the Court's June 23, 2020, order directing Plaintiff to file objections within 30 days of the date of the order.  *See* ECF No. 124.  Accordingly, it seems that Plaintiff received a copy of the order.  Moreover, none of the documents received following the June 23, 2020, order can be construed as requesting additional time to file objections.

## CONCLUSION

Accordingly, the Court adopts the Report of the Magistrate Judge.  This action is

**DISMISSED** with prejudice.  Plaintiff's pending motions [88, 92, 95, 99, 113, 119] are

**FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 22, 2020
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.